UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE LUIS HERRERA,
A-240-464-713

Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER, et. al.,

Respondents.

No. 2:26-cv-00763-DJC-DMC-HC

ORDER

and

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee who is proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2. Pending before the Court is Respondent's motion to dismiss. See ECF No. 8. Petitioner filed an opposition, ECF No. 13, and Respondent filed a reply, ECF No. 14.

As a preliminary matter, the undersigned notes that attached to the form petition, ECF No. 1, Petitioner provides a petition for writ of habeas corpus and motion for temporary restraining order, ECF No. 1-1, which names the following as Respondents: Warden, California City Correctional Center; Field Office Director, ICE San Diego Field Office; Acting Director, United States Immigration and Customs Enforcement; Secretary, Department of Homeland

Security; and Attorney General of the United States. ECF No. 1-1, pg. 1. Thus, the undersigned will direct the clerk of the court to update the docket to reflect all the named Respondents.

**I. BACKGROUND**

Petitioner filed the original petition together with a motion for temporary restraining order. See ECF Nos. 1 and 4. Petitioner is a citizen of Guatemala who "has four Untied States citizen siblings and minor children." ECF No. 1-1, pg. 6. Petitioner contends that he and his family were subjected to multiple violent attacks in his home country and Petitioner "continues to suffer permeant spinal and digestive complications" as a result. Id. Petitioner asserts that he is detained pursuant to § 1226(a), "as reflected on the Notice to Appear," and claims he is therefore entitled to an individualized custody determination. See ECF No. 1, pg. 6. Petitioner contends that the Notice to Appear "reflects that Petitioner is 'an alien present in the United States who has not been admitted or paroled' under INA §212(a)(6)(A)(i). The checkbox identifying Petitioner as an 'arriving alien' is not marked." ECF No. 1-1, pg. 4.

According to Petitioner, he has no "criminal convictions, arrests, gang affiliation, or history of violence in the United States" and therefore, Petitioner is "eligible for bond." ECF No. 1, pg. 6. Petitioner contends that his prolonged detention violates his due process rights because he has not been provided an individualized custody determination where the "government must justify detenin [sic] and bear the burden of proof by clear and convincing evidence." Id. (citing Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011)). Petitioner asserts that he "has no criminal history and no evidence of dangerousness," and Petitioner therefore argues that his "continued incarceration without adequate justification is excessive and punitive in effect, violating substantive due [process]." Id. (citing Zadvydas v. Davis, 533 U.S. 678, 693 (2001)). Thus, Petitioner "seeks immediate release. In the alternative, Petitioner seeks a constitutionally compliant bond hearing within seven days at which the Government bears the burden of proof by clear and convincing evidence." ECF No. 1-1, pg. 2.

Respondents initially claimed that "Petitioner entered the United States illegally in December 2025, was detained at or near the border, and placed into removal proceedings." ECF

No. 8, pg. 1. Based upon that representation, the District Judge denied Petitioner's motion for temporary restraining order, finding "it appears that Petitioner was never released from custody and thus may properly be subject to detention under 8 U.S.C. § 1225(b). As such, the Court cannot presently find that Petitioner has a likelihood of success on the merits." ECF No. 9.

However, Respondents subsequently filed a notice of errata informing the Court that "Petitioner appears to have illegally entered the United States prior to December 2025, but was not encountered until that date. Further, Petitioner was not encountered 'at or near the border.'" ECF No. 10, pg. 2. Respondents maintain that "Petitioner is thus an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)." ECF No. 10-1, pg. 1.

**II. DISCUSSION**

The undersigned finds that Petitioner is subject to § 1226, Respondents' failure to provide Petitioner the procedural protections afforded by § 1226 violated Petitioner's due process rights and Petitioner is therefore entitled to relief.

The Ninth Circuit recently held that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Vazquez v. Bostock, No. 25-6842, 2026 LX 482469, at *12, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Here, Respondents concede that Petitioner entered the Untied States at a date unknown, was not detained until December 2025, and such detention was not at or near the border. See ECF No. 10, pg. 2. Thus, the undersigned finds that Petitioner is subject to § 1226.

There is no evidence that Petitioner was arrested "[o]n a warrant issued by the Attorney General," as required by § 1226 (a), nor was Petitioner provided the statutorily required bond hearing. Accordingly, Respondents violated the process prescribed by the Immigration and Nationality Act (INA) when detaining Petitioner and improperly subjecting him to detention without a hearing, and Petitioner is therefore entitled to habeas relief. See Juan Pedro Caal Coc v. Warden, Golden State Annex Det. Facility, No. 1:26-cv-2387-DC-DMC-HC, 2026 LX 253829

(E.D. Cal. June 8, 2026) (adopted in full). Further, the undersigned finds that "lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights and justifies release." Andruz Anibal Nicanor Escobar Cobon, v. Warden, et. al., No. 1:26-CV-06239-DJC-CSK, 2026 WL 2365352, at *1 (E.D. Cal. Aug. 14, 2026).

Accordingly, the undersigned will recommend that the motion to dismiss be denied, the petition be granted, Petitioner be released immediately, and Respondents be permanently enjoined and restrained from re-detaining petitioner unless Petitioner is provided with a bond hearing and pre-deprivation notice of such hearing.

## III. CONCLUSION

Based on the foregoing, the undersigned ORDERS and RECOMMENDS:

1. The Clerk of the Court is directed to add the following named Respondents: Warden, California City Correctional Center; Field Office Director, ICE San Diego Field Office; Acting Director, United States Immigration and Customs Enforcement; Secretary, Department of Homeland Security; and Attorney General of the United States. See ECF No. 1-1, pg. 1.
2. It is RECOMMENDED that the motion to dismiss, ECF No. 8, be DENIED;
3. It is RECOMMENDED that the petition for writ of habeas corpus, ECF No. 1, be GRANTED;
4. It is RECOMMENDED that Respondents be ORDERED to immediately release Petitioner, JORGE LUIS HERRERA, A-240-464-713 with all Petitioner's documents and possessions;
5. It is RECOMMENDED that Respondents be permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses

a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present;

6. It is RECOMMENDED that the order not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal;

7. It is RECOMMENDED that Respondents be ORDERED to file a notice of compliance within three (3) days of the District Judge's order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 25, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE